IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 06 2015
CHRIS R. JOHNSON, CLERK
DEPUTY CLERK

**MONTE KELLEY and JEANA KELLEY,**
**Individually and as representatives**
**of the class**                                                      **PLAINTIFFS**

vs.                          Case No. 4:15-cv-4035

**LINDSEY MANAGEMENT COMPANY, INC.**                       **DEFENDANT**

## ORIGINAL COMPLAINT—CLASS ACTION

Monte Kelley and Jeana Kelley ("Plaintiffs"), by and through their attorneys of the Sanford Law Firm, PLLC, on behalf of themselves and the class set forth below, bring the following Class Action Complaint against Lindsey Management Co., Inc. ("Defendant" or "Lindsey").

## I. PRELIMINARY STATEMENT

1.      This putative class action is brought pursuant to the Fair Credit Reporting Act ("FCRA") against a large apartment management company. Defendant regularly violated the FCRA by procuring background checks on employees and job applicants without providing "stand alone" disclosures that background checks would be procured.

2.      Recognizing that people's jobs depend on the accuracy of consumer reports, Congress has chosen to regulate the procurement, use and content of background checks through the FCRA, 15 U.S.C. § 1681 et seq.

3.     The FCRA contains several provisions which pertain specifically to the use of consumer reports for employment purposes.   In light of the potentially determinative role that consumer reports can play regarding an applicant's employment prospects, the FCRA requires an employer to ensure that all applicants are aware of the employer's intention to procure a background check.

4.     Specifically, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless…a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).

5.     The disclosure requirements are important because they enable consumers to control and correct the information that is being disseminated about them by third parties.   Moreover, the disclosures inform consumers about their rights pursuant to the FCRA, rights of which consumers are generally completely unaware.

6.     Consumers have a statutory right to obtain a copy of their consumer reports and to have errors in their reports corrected.   *See* 15 U.S.C. §§ 1681g, 1681i. In order to enable consumers to exercise those rights, it is critical that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors.

7.     Defendant has willfully and routinely violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiffs and other putative class members for

employment purposes, without first making proper disclosures in the format required by the FCRA.

8.    Defendant's "Background Investigation Consent" plainly does not comply with the FCRA's disclosure provisions.  *See* Exhibit 1.

9.    The Background Investigation Consent is not a stand-alone disclosure within the meaning of the FCRA because it includes, among other things, a purported release of liability for Defendant, its properties, its authorized agents and any person who provides information pursuant to the authorization.  *See* Exhibit 1.

10.    Defendant's decision to turn a document that is supposed to serve as a *notice* of a consumer's rights into a document which serves as a *waiver* of those same legal rights is evidence of the willfulness of Defendant's violation of the FCRA.

11.    Based on Defendant's conduct, Plaintiffs assert FCRA claims on behalf of themselves and the class defined below.

12.    On behalf of themselves and the class, Plaintiffs seek statutory damages, punitive damages, attorneys' fees, litigation costs, and all other available relief.

## II. PARTIES

13.    Individual and representative Plaintiff Monte Kelley is a resident of Texarkana, Texas.

14.    Individual and representative Plaintiff Jeana Kelley is a resident of Texarkana, Texas.

15.    Plaintiffs Monte and Jeana Kelley are married.

16.     Defendant Lindsey Management Co., Inc., is an Arkansas corporation headquartered in Fayetteville that operates apartment complexes throughout the southeastern United States, including in this judicial district.

## III. JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts and omissions complained of by Plaintiffs were committed and had their principal effect in Texarkana, Arkansas.

## IV. ALLEGATIONS RELATING TO PLAINTIFFS

19.     In or around February of 2012, Plaintiffs applied for work with Defendant in Texarkana, Arkansas.

20.     Plaintiffs had to complete and sign various forms as part of the employment application process. One of the forms was the "Background Investigation Consent."

21.     On the "Background Investigation Consent," Plaintiffs had to agree to "release Lindsey Management Co., Inc., the properties under its management and/or its agents, and any person or entity, which provides information pursuant to this authorization, from any and all liabilities, claims or law suits in regards to the information obtained from any and all of the above reference sources used."

22.     As stated above, the "Background Investigation Consent" failed to comply with the FCRA requirement that an entity procuring a consumer report for employment purposes disclose that fact in a document that consists *solely* of the disclosure.

23.    Rather, Defendant's background investigation consent contained extraneous information which clearly violated the "stand-alone disclosure" requirement and undercut the very purpose of the requirement.

24.    Despite its failure to provide Plaintiffs with the required stand-alone disclosure, Defendant subsequently requested background checks from outside consumer reporting agencies.

25.    Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiffs for employment purposes without first providing Plaintiffs clear and conspicuous written disclosures, in a document consisting *solely* of the disclosure, that a consumer report may be obtained for employment purposes.

## V. ALLEGATIONS RELATING TO DEFENDANT'S BUSINESS PRACTICES

26.    Defendant conducts background checks on job applicants as part of its standard employment application and screening process.

27.    Upon information and belief, a large number of Defendant's job applicants are required to sign a Background Investigation Consent substantially identical to the form attached hereto as Exhibit 1.

28.    Defendant does not perform these background checks in-house.  Rather, Defendant relies on outside consumer reporting agencies to obtain this information and report it to Defendant.

29.    The background reports procured by Defendant constitute "consumer reports" for purposes of the FCRA.

30.    Defendant's insertion of a liability release and other information into its Background Investigation Consent violates a fundamental protection afforded to

employees under the FCRA, is contrary to the unambiguous language of the statute, and is counter to longstanding judicial and regulatory guidance.

31.     By systematically inserting a liability release and other extraneous information into Plaintiffs' and other class members' disclosures, Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i).

## VI. CLASS ACTION ALLEGATIONS

32.     Plaintiffs assert their claim on behalf of the class defined as follows:

> Any person who applied to a Lindsey Management apartment community and whose application included a liability release regarding consumer reports and for whom Lindsey Management procured a background check for employment purposes in the period beginning five years prior to the filing of the Complaint and continuing through the date the class list is prepared.

33.     The class is so numerous that joinder of all class members is impracticable.

34.     Defendant regularly uses its disclosure to procure consumer reports on job applicants.

35.     Hundreds of Defendant's current, former, and prospective employees satisfy the class definition.

36.     Plaintiffs' claims are typical of the members of the class. Defendant typically uses an identical disclosure to procure consumer reports on prospective and existing employees.

37.     The FCRA violations suffered by Plaintiffs are typical of those suffered by other class members because Defendant treated Plaintiffs and other class members in the same manner in accordance with its standard practices.

38.   Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

39.   Plaintiffs' counsel are competent to litigate Rule 23 class actions and other complex litigation matters, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

40.   Plaintiffs are unaware of any existing litigation regarding the subject matter of this lawsuit.

41.   Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

    a.  Whether Defendant had a policy of procuring consumer reports on prospective and existing employees;

    b.  Whether Defendant violated the FCRA by procuring such consumer reports without a FCRA-compliant disclosure;

    c.  Whether Defendant's FCRA violations were willful;

    d.  The proper measure of statutory damages; and

    e.  The proper measure of punitive damages.

42.   Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Class certification

will also preclude the need for duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.   Moreover, management of this action as a class action will not present any likely difficulties.

43.      Plaintiffs intend to send notice to all members of the class to the extent required by Fed. R. Civ. P. 23.   The names and addresses of the class members are available from Defendant's records.

## VII. CLAIM FOR RELIEF

### Procuring Consumer Reports without First Making Proper Disclosures
### 15 U.S.C. § 681b(b)(2)(A)(i)

44.      Defendant procured consumer reports, as defined by the FCRA, on Plaintiffs and all class members.   These reports were procured for employment purposes without first providing Plaintiffs or any class member a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes, in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

45.      The foregoing violations were willful.   Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i).   Defendant's willful conduct is reflected by, *inter alia*, the following:

      a. The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

b. Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

c. Defendant repeatedly and routinely uses the disclosure it used with Plaintiffs to procure consumer reports;

d. Defendant's inclusion of a liability release implies awareness by Defendant that it could be held liable for improperly procuring a consumer report;

e. Despite the wealth of guidance, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

f. By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

46.   Plaintiffs and the class are entitled to statutory damages of not less than $100.00 and not more than $1,000.00 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

47.   Plaintiffs and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

48.   Plaintiffs and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3)

## **VIII. PRAYER FOR RELIEF**

49.     WHEREFORE, Plaintiffs, on behalf of themselves and the class, respectfully request that this Court:

     a.  Determine that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

     b.  Designate Plaintiffs as Class Representatives and designate Plaintiffs' Counsel as counsel for the class;

     c.  Issue proper notice to the class at Defendant's expense;

     d.  Declare that Defendant committed multiple, separate violations of the FCRA;

     e.  Declare that Defendant acted willfully, in deliberate or reckless disregard of Plaintiffs' and class members' rights and Defendant's obligations under the FCRA;

     f.  Award statutory and punitive damages as provided by the FCRA;

     g.  Award reasonable attorneys' fees and costs as provided by the FCRA; and

     h.  Grant other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted,

**MONTE KELLEY and JEANA KELLEY,
Individually and as Representatives of the
Class, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:  _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and:  _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com